IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VILMARIE CARABALLO CARABALLO** | |
| Plaintiff, | |
| v. | |
| **DEPARTMENT OF CORRECTIONS AND REHABILITATION OF THE COMMONWEALTH OF PUERTO RICO; ERIK Y. ROLON SUAREZ**, in his personal and in his official capacity as Secretary of Department of Correction and Rehabilitation of the Commonwealth of Puerto Rico; **CORONEL JAVIER RODRIGUEZ**, in his personal and official capacity as Coronel of the Department of Correction and Rehabilitation of the Commonwealth of Puerto Rico; **ELIGIO VILLEGAS MARTINEZ**, in his personal an official capacity as Auxiliary Secretary for Security for Department of Correction and Rehabilitation of the Commonwealth of Puerto Rico; **LIEUTENANT CORONEL EDWIN GONZALEZ-RAMOS**, in his personal an official capacity as Special Assistant to the Secretary of for Department of Correction and Rehabilitation of the Commonwealth of Puerto Rico; **ANA I. ESCOBAR**, in her personal an official capacity as Auxiliary Secretary for Human Resources for Department of Correction and Rehabilitation of the Commonwealth of Puerto Rico; **ULRICH JIMENEZ**, in his personal an official capacity as Auxiliary Secretary for Administration and Management for Department of Correction and Rehabilitation of the Commonwealth of Puerto Rico; **JUAN ALBERTO RIVERA-MONTERO**, in his personal and official capacity as Executive Official, Office of Technological Systems and Information; **JANE AND JOHN DOES** are individuals unknown to the Plaintiffs at this time involved in the discriminatory acts against her; **INSURANCE COMPANIES ABC and/ XYZ,** is a an insurance company that provides coverage for | **CIVIL CASE NO.**<br><br>**VIOLATION OF CIVIL RIGHTS**<br><br>**TRIAL BY JURY DEMANDED** |

| |
|---|
| professional liability that are unknown to the Plaintiff at this time |
| **Defendants** |

## COMPLAINT

**TO THE HONORABLE COURT:**

    **COMES NOW** the plaintiff, through the undersigned attorneys, and respectfully states, alleges and prays as follows:

### JURISDICTIONAL STATEMENT

    1.    This is a civil action filed by Vilmarie Caraballo Caraballo, a career employee of the Department Of Corrections and Rehabilitation of the Commonwealth of Puerto Rico, alleging that in January 18, 2017 she was transferred in violation of her rights under federal laws. Plaintiff alleges violations under Title VII of the Civil Rights Act of 1964, as amended, as well as the laws and Constitution of the Commonwealth of Puerto Rico, and prays for equitable relief in the form of ceasing all actions attempted directly or indirectly to curtail their rights and duties and legal relief in the form of economic and punitive damages in the amount of $300,000.00, pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1983, as well as equitable and compensatory relief pursuant to 42 USC §2000-e et seq., and relief pursuant to 42 USC §1981a and §1988. As this is a civil action brought pursuant to the laws and Constitution of the United States, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over all claims arising under of the laws and Constitution of Puerto Rico pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 139 1(b).

### THE PARTIES

2.     The plaintiff Vilmarie Caraballo Caraballo (hereinafter "Plaintiff") is a career employee of the Department of Corrections and works as a correctional officer.

3.     The defendant Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico (hereinafter "the Department"), is the employer in this cause of action and therefore, brought pursuant to the allegations made in relation to Title VII of the Civil Rights Act of 1964, and 1991, 42 USC §2000-e et seq., and 1988.

4.     Defendant Erik Y. Rolon Suarez is the current Secretary of Corrections, and he is brought in his personal and official capacity.

5.     Co-defendant Eligio Villegas Martinez is the Auxiliary Secretary for Security for the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico. He is brought in his personal and official capacity.

6.     Co-defendant Coronel Javier Rodriguez is the Coronel for the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico. He is brought in his personal and official capacity.

7.     Co-defendant Lieutenant Coronel Edwin Gonzalez-Ramos is the Special Assistant to the Secretary for the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico. He is brought in his personal and official capacity.

8.     Co-defendant Ana I. Escobar is the Auxiliary Secretary for Human Resources for the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico. He is brought in her personal and official capacity.

9.     Co-defendant Ulrich Jiménez is the Coronel for the Auxiliary Secretary for Administration and Management for Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico. He is brought in his personal and official capacity.

10. Co-defendant Juan Alberto Rivera-Montero is the Executive Official, Office of Technological Systems and Information for the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico. He is brought in his personal and official capacity.

11. John and Jane Doe

12. Insurance Companies ABC and/or XYZ

**Facts**

13. Plaintiff was appointed as a correctional officer with the Department of Corrections and Rehabilitation (hereinafter "The Department') in 1994.

14. She was assigned various duties during that time, and in 2003 she was assigned to the Radiocommunications Area, of the General Services office in the Department.

15. In the radiocommunications area her duties were to assist the director, Melvin Sepulveda, in inspecting, interiorizing and maintaining the radiocommunications equipment. She would also visit the institutions to ensure that all equipment there was working properly, and to assess the status of the repeater stations located and disseminated throughout the island.

16. She would instruct the cadets on the proper handling and procedures for the use of the radiocommunications system at the Academy.

17. In March 30, 2009 she received instructions from Captain Porfirio Green that she was to cease reporting to the Radiocommunications area.

18. She was subsequently assigned to the 705 Institution in Bayamon Correctional Complex.

19. She was substituted by a male officer by the name of Danny Cordero.

20. Afterwards, around August 2009, the Radiocommunications post became vacant, and was again filled with a male by the name of Osvaldo Analla Cortijo, notwithstanding the fact

that on May 13, 2009 the plaintiff had officially informed the Department that she was interested in the position, should it become vacant. She also filed an official transfer form for the radiocommunications area on June 26, 2009.

21. A job posting for the position was never issued or published.

22. The defendants avoided posting the position because the plaintiff would obviously be the most qualified individual to occupy the same.

23. As a result, she filed a complaint in the District Court of Puerto Rico on May 7, 2012, 12-1308(JAG).[1]

24. Sometime in 2012 the Department reinstated to her position within the Radio Communication's area and she resumed her duties as before.

25. On December 16, 2016, Plaintiff is informed in a letter addressed to her by the former Secretary Elinar Ramos-Lopez that the Department would be undergoing a restructuring and a new organizational chart would be created.

26. Most importantly from that communication was that Plaintiff was not moved from her work area in radiocommunications.

27. Her Division at the time, Auxiliary Secretary for Security would be placed with other units but her particular area of Radiocommunications will be moved to be under the Office of Technology and Information.

28. The letter goes on to describe Plaintiffs functions in the area and that from that point forward her direct supervisor would change to co-defendant Leticia Picon and Principal Officer of Information.

---

[1] This case was original dismissed by way of summary judgment but reversed after appeal. (See Docket No. 69 in Civil Case No. 12-1308(JAG) This case is currently stayed per PROMESA. (See Docket No. 80 and 81)

29. The letter concludes requesting that she continue to use her skills for the continued cooperation in her work

30. On January 18, 2017, Plaintiff received a letter from Erik Y Rolon-Suarez (hereinafter "Rolon-Suarez") the new Secretary of the Department indicating he made the determination to remove her from the Radiocommunications area and sending her to the Women's prison in Bayamon.

31. Rolon-Suarez does not indicate in the letter that she is being moved because of any need for services in the Bayamon Facility

32. Exactly what happened in the prior case.

33. On February 3, 2017, Plaintiff writes to co-defendant Juan Alberto Rivera-Montero (hereinafter "Rivera-Montero") requesting his intervention into the transfer.

34. In the letter she listed her qualifications and experiences that made her ideal for the position that she was holding.

35. She notified this letter to Rolon-Suarez as well as Luis Madera, Director of Complaints and Grievances, her local union representative.

36. No action was taken and she was replaced once again by a male colleague with less experience and ability to do the work, Correctional officer Wilfredo Ocasio De Jesus (hereinafter 'Ocasio-De Jesus").

37. Rivera-Montero informed Ulrich Jimenez of the fact that Ocasio-DeJesus lack the necessary skills to perform that tasks in the Radiocommunications area.

38. Ulrich Jimenez in turn informed Rolon-Suarez of the deficiencies of Ocasio-DeJesus.

39. Villegas-Martinez recommended Ocasio-DeJesus because he was a male officer even though he too was aware of his deficiencies to perform the tasks required.

40. Coronel Javier Rodriguez and Lt. Coronel Gonzalez-Ramos insisted on a male substitution for the Plaintiff.

41. All of which was sanctioned by both Rolon-Suarez and Ana I. Escobar.

42. All the co-defendants use the authority vested in them by the positions they conferred to discriminate against the Plaintiff based on her gender.

43. All of the defendants know that the purported reason for removing the Plaintiff was pretextual and that there was need for additional female officers in the institution.

44. This is evidenced by the fact that on July 25, 2017 the Department along with the co-defendants authorized the Plaintiff to transfer the State Electoral Commission and did not send her to the Bayamon facility.

45. If there was really a need, the transfer to the State Electoral Commission would have also been denied.

46. Plaintiff filed a complaint for discrimination based on her being a woman who transferred and replaced under the pretext of a need for her services elsewhere and then supplanted by a man, despite her qualifications and skills made her more fit for the position with the Equal Opportunity Commission, Complaint Number 2017-00421.

47. On August 23, 2018, Right To Sue Letter was issued.

48. The Co-defendants are all aware of her ongoing litigation as they were in the agency and in positions of authority at the time of the filing or as they assume their respective positions of authority was informed of the status as part of transition to the positions they currently hold.

**FIRST CAUSE OF ACTION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

49. Plaintiff repeats and incorporates all the allegations contained thus far as set forth fully herein. The foregoing paragraphs establish that the Defendants discriminated against the plaintiff because of her female gender.

50. Such discrimination constitutes a violation of plaintiff's rights under 42 USC §2000-e2, e-3 and 42 USC §1981a.

51. Plaintiff filed a timely discrimination charge on July 28, 2009. The Department of Justice of the United States of America issued a Right-To-Sue Letter on February 8, 2012. That letter was mailed on February 9, 2012 and delivered to the undersigned's office on February 15, 2012.

52. Defendant's actions and omissions have caused the plaintiff to be discriminated for reason of her gender, and that discrimination was intentionally caused by the defendants.

53. Such intentional discrimination has caused damages to the plaintiff estimated in an amount no less than $300,000.00.

54. The plaintiff is also entitled to punitive damages in an amount no less than $300,000.00.

**SECOND CAUSE OF ACTION:**
**LAWS AND CONSITUTION OF PUERTO RICO**

55. Plaintiff repeats and incorporates all the allegations contained thus far as set forth fully herein. The foregoing evidence that the Defendants, under color of law of their respective positions, have willfully and/or with deliberate indifference violated the Plaintiff's rights under the Constitution and laws of the Commonwealth of Puerto Rico, specifically Sections1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico; and the Public Service Personnel laws of

8

Puerto Rico; Act No. 184, of August 3, 2004, as amended, PR Laws Ann. Tit. 3; and Articles 1802 and 1803 of the Civil Code § 5141 and 5142 of Title 31; and Law 115 of 1994.

56. As a result of the Defendants' unconstitutional and illegal conduct, Plaintiffs have been discriminatorily treated in their employment, and caused irreparable and continuing harm, emotionally, economically and in their civil rights, in the amount of no less than $300,000.00.

57. In addition, the plaintiffs pray for preliminary and permanent injunctive relief prohibiting Defendants from affecting her employment because of her political affiliation to the Popular Democratic Party and her gender.

## JURY DEMAND

58. Trial by Jury is requested in all causes of action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court:

1. Find that the defendants have violated Plaintiff's rights under the First Amendment of the United States Constitution; as well as under the laws and Constitution of the Commonwealth of Puerto Rico;

2. Grant preliminary and permanent injunction prohibiting, restraining and enjoining the defendants, agents or anyone acting in concert with them or pursuant to their orders, or their successors in any representative capacity from violating any Constitutional and statutory rights of the Plaintiffs;

3. Award damages to Plaintiffs in an amount no less than $300,000.00 for pain and suffering and other damages suffered as a result of the defendants' unconstitutional conduct;

4. Award punitive damages to the Plaintiffs in an amount no less than $300,000.00 or in such amount as may be deemed appropriate;

5. Award pre judgment interest;

6. Award Plaintiff attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

7. Award such other and further relief as may be deemed just and proper.

**WHEREFORE**, it is respectfully requested from this Honorable Court that it sets a JURY TRIAL and issues Judgment for the plaintiff to award her requests for compensatory and punitive damages; and that it considers and adjudicates injunctive relief for the plaintiff as it deems proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this November 20, 2018.

**IT IS HEREBY CERTIFIED:** that on this date, November 20, 2018, the undersigned attorney was filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*Counsel for Plaintiff:*

**LANDRÓN VERA, LLC**
1606 Ave. Ponce De León
Suite 501, Edif. Bogoricin
San Juan, PR 00909
787.395.7885
787.395.7886

*/s/Eileen Landrón Guardiola*
**EILEEN LANDRÓN GUARDIOLA**
USDC-PR 203006
e-mail: elandron@landronvera.com

*/s/ Eduardo Vera-Ramírez*
**EDUARDO VERA RAMIREZ**
USDC-PR-209713
Email: evera@landronvera.com

*/s/ Luis A. Rodríguez-Muñoz*
**LUIS A. RODRIGUEZ MUÑOZ**
USDC-PR 214511

Email: lrodriguez@landronvera.com